**UNITED STATES of AMERICA,**
**Appellee,**

v.

**Sean FABIAN, Defendant–Appellant.**

No. 06–4438–cr.

United States Court of Appeals, Second Circuit.

June 19, 2007.

John M. Conroy, Assistant U.S. Attorney (Gregory L. Waples, on the brief), for Thomas D. Anderson, U.S. Attorney for the District of Vermont, Burlington VT, For Appellee.

Mark A. Kaplan, Jarvis and Kaplan, Burlington, VT, for Defendant–Appellant.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Defendant Sean Fabian appeals the district court's judgment convicting him, pursuant to his guilty plea, of the distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and of possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Sean Fabian*, No. 04–CR–71–01 (D.Vt. Oct. 2, 2006). The court sentenced Fabian to a term of imprisonment of 168 months for the cocaine conviction, 120 months' imprisonment for the firearms conviction to be served concurrently, and eight years' supervised release. *Id.* We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

Fabian contends that his sentence is unreasonable because the district court should have imposed a sentence of 120 months' imprisonment given "the unjustifiable disparity created by the longer sentences[ ] that are recommended for sentences involving crack cocaine, compared to those recommended for offenses involving powder cocaine," and based upon consideration of his individualized offender characteristics. We review a district

court's sentencing decisions for reasonableness *de novo, see United States v. Fernandez,* 443 F.3d 19, 26–27 (2d Cir. 2006), evaluating whether the court "(1) treat[ed] the Guidelines as advisory, (2) calculate[d] the Guidelines range based on its factual findings, and (3) consider[ed] the section 3553(a) factors," *United States v. Trupin,* 475 F.3d 71, 74 (2d Cir.2007).

We affirm the thoughtful judgment of the district court. The court properly considered Fabian's argument concerning the disparity in sentences recommended for crack cocaine and powder cocaine, in light of our holding in *United States v. Castillo,* 460 F.3d 337, 354 (2d Cir.2006). After reducing Fabian's criminal history category and thereby lowering the applicable Sentencing Guidelines range from 235–293 months' imprisonment to 168–210 months' imprisonment, the court carefully evaluated the entire record of Fabian's individual offender characteristics and the totality of the circumstances to set his sentence at the floor of the Guidelines range. The court reasonably concluded that Fabian's sentence "strikes the correct balance in this situation," and we agree.

We have reviewed all of Fabian's arguments and find them to be without merit. The judgment of the district court is therefore **AFFIRMED.**